**Teledyne McKAY, Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (OSMO-LINSKI), Respondent.**

Commonwealth Court of Pennsylvania.

Argued Dec. 10, 1996.

Decided Jan. 28, 1997.

---

James F. Carl, Harrisburg, for petitioner.

Daniel Stern, Harrisburg, for respondent.

Before DOYLE and SMITH, JJ., and RODGERS, Senior Judge.

DOYLE, Judge.

Teledyne McKay (Employer) appeals an order of the Workmen's Compensation Appeal Board (the Board) which affirmed an order of a Workers' Compensation Judge (WCJ) and granted Paul Osmolinski's (Claimant) petition for reinstatement of benefits.

On July 20, 1984, Claimant suffered an injury to his left hand during the scope and course of his employment for Employer. Pursuant to a notice of compensation payable dated August 7, 1984, Claimant thereafter received total disability benefits in the amount of $296.60. By supplemental agreement, Claimant's benefits were suspended effective September 24, 1984, the date on which Claimant returned to his pre-injury position, with a fifty-pound lifting restriction.

On July 2, 1993, Employer's plant closed and Claimant was laid off. Claimant then collected unemployment benefits, in the amount of $317.00 per week, from July 2, 1993, through May 21, 1994. Additionally, Employer paid approximately $6,000.00 in net severance pay to Claimant.

On February 3, 1994, Claimant filed a reinstatement petition alleging that his earning power was once again adversely affected by his work injury.

Following hearings, the WCJ found that, when Claimant returned to work in September of 1984, Claimant could perform **most**, but not **all**, of his pre-injury duties, and that Claimant continued to experience significant problems with his left hand, to wit, numbness and intermittent pain. The WCJ also accepted as credible the testimony of Claimant's medical expert, Dr. VanGiesen, who opined that Claimant was suffering from post traumatic degenerative osteoarthritis of the in-terphalangeal joint, with tendon disruption, a crush injury, cold intolerance of the left long and ring fingers, and permanent diminished grip strength. The WCJ concluded that Claimant met his burden under the reinstatement petition, and, therefore, by order dated February 1, 1995, granted Claimant's petition, effective July 2, 1993, the date of Employer's plant closing. Employer appealed to the Board which affirmed.

On appeal, Employer first argues that the Board erred in affirming the WCJ because Claimant failed to establish that his disability, i.e., loss of earning power, was attributable to his work injury.

■ A suspension is warranted under the Workers' Compensation Act where a claimant has a residual physical impairment attributable to a work-related injury but is receiving wages equal to or in excess of what the claimant had earned in his pre-injury job. *Diffenderfer v. Workmen's Compensation Appeal Board (Rabestos Manhatten, Inc.)*, 651 A.2d 1178 (Pa.Cmwlth.1994), *petition for allowance of appeal denied*, 540 Pa. 642, 659 A.2d 561 (1995). Although the employer remains liable for the consequences of the work-related injury, there is no longer any "disability," i.e., loss of earning power, attributable to the work-related injury. *Id.*

■ A claimant seeking reinstatement following a suspension of benefits must prove that: (1) through no fault of his or her own, the claimant's disability, i.e., earning power, is again adversely affected by the work-related injury, and (2) the disability which gave rise to the original claims continues. *Pieper v. Ametek–Thermox Instruments*, 526 Pa. 25, 584 A.2d 301 (1990).

■ "Given the nature of suspension status, which actually *acknowledges* a continuing medical injury, and suspends benefits only because the claimant's earning power is currently not affected by the injury, the testimony of a claimant, alone, ... satisf[ies] his burden of establishing that his work-related injury continues." *Latta v. Workmen's Compensation Appeal Board (Latrobe Die Casting Co.)*, 537 Pa. 223, 227, 642 A.2d 1083, 1085 (1994) (emphasis in original).

■ Where a claimant returns to work under a suspension, **with restrictions**, that is, does not return to his or her time-of-injury job, but rather to a modified position, and is subsequently **laid off** and petitions for the reinstatement of benefits, the claimant is also entitled to the presumption that his or her disability, *i.e.*, loss of earning power, is causally related to the continuing work injury. *See Crowell v. Workmen's Compensation Appeal Board (Johnson Dairy Farm)*, 665 A.2d 30 (Pa.Cmwlth.1995) (where a claimant returns to a light-duty position following a suspension because he could not perform his pre-injury job without experiencing significant pain, the claimant is subsequently laid off due to lack of available work, and the claimant petitions for reinstatement of benefits, we held that the claimant's disability, *i.e.*, loss of earning power, had been adversely affected by his work injury).

■ Conversely, where a claimant returns to work under a suspension, **without restriction,** to his or her pre-injury job, is subsequently laid off, and then petitions for reinstatement, the claimant has the burden to affirmatively establish that it is the work-related injury which is **causing** his or her present loss of earnings. That is, while the claimant still enjoys the presumption that some work-related medical injury continues,[1] the claimant is not entitled to the presumption that his or her present *disability, i.e.* loss of earnings, is causally related to that work injury. *See Trumbull v. Workmen's Compensation Appeal Board (Helen Mining Co.)*, 683 A.2d 342 (Pa.Cmwlth.1996); *Ogden Aviation Services v. Workmen's Compensa-*

*tion Appeal Board (Harper)*, 681 A.2d 864 (Pa.Cmwlth.1996).

■ If the claimant meets this additional burden, then the claimant is entitled to a reinstatement of benefits **unless** the employer provides available work within the claimant's physical restrictions,[2] **or** establishes before the appropriate tribunals that it is not the claimant's disability due to the work-related injury which is causing the present loss of earnings.[3] *Trumbull.*

■ Applying this analysis to the instant case, we first note that the WCJ found that when Claimant returned to work with Employer, he did so **with restrictions.** In this regard, the WCJ found:

4. Claimant returned to his job on September 24, 1984 and was able to perform **most** functions of his job. Claimant was subject to a fifty pound lifting restriction.

. . . .

7. The Claimant explained that his middle or long finger is still completely numb on the end and his ring finger is numb on the tip. Claimant also has a sharp pain every now and then from his left elbow to his fingers.

(WCJ's decision at 3, Findings of Fact No. 4, 7.) (Emphasis added.) Contrary to Employer's assertions, these findings are supported by Claimant's testimony, as accepted by the WCJ, that prior to his work injury, Claimant operated two machines simultaneously, but after he returned to work under the suspension, he could only operate one machine due to his work injury. (Notes of Testimony (N.T.), 3/29/94, at 13–15; Reproduced Record

---

1. Under this presumption, of course, the employer is obligated to provide continuing causally-related medical services and supplies to a claimant.

2. Where the claimant is laid off from the work which formed the basis for the suspension and the claimant subsequently secures a similar position with another employer, **even at wages which are lower than the claimant's pre-injury wages,** our Supreme Court has held that the claimant's actions obviate the need for the employer to produce evidence of job availability. *Harle v. Workmen's Compensation Appeal Board (Telegraph Press, Inc.)*, 540 Pa. 482, 658 A.2d 766 (1995). In *Harle,* the employer's burden to demonstrate the availability of suitable work was

actually met by the claimant himself when he secured a similar position with another employer.

3. Section 413 of the Act states in pertinent part:

[W]here compensation has been suspended because the employe's earnings are equal to or in excess of his wages prior to the injury that [sic] payments under the agreement or award may be resumed at any time during the period for which compensation for partial disability is payable, **unless it be shown that the loss in earnings does not result from the disability due to the injury.**

77 P.S. § 772 (emphasis added).

(R.R.) at 23a–25a.) Claimant also testified that he continued to experience significant residual pain from his work-injury, such as partial numbness and cold intolerance in his left hand, decreased grip strength and intermittent pain. (N.T., 3/29/94, at 10–11; R.R. at 20a–21a.) This testimony was corroborated by Dr. VanGiesen, who was also accepted as credible by the WCJ.

Accordingly, because Claimant returned to work under the suspension **with restrictions**, when he was subsequently laid off, Claimant was entitled to the presumption that his work related disability continued, *i.e.,* that his loss of earning power was attributable to the continuing work injury. Because the Employer failed to rebut this presumption or offer evidence of available work within Claimant's physical restrictions, we hold that the Board did not err in affirming the WCJ's order reinstating Claimant's benefits.

Employer also argues that the Board erred in affirming the WCJ's decision insofar as it failed to credit Employer for Claimant's severance pay as well as Claimant's unemployment compensation benefits received after his termination from employment. Claimant contends, however, that Employer has waived both of these issues.

■ On the waiver issue, Claimant first argues that Employer failed to refer to the unemployment compensation credit in its petition for review filed with this Court and this constituted a waiver of that issue on appeal. We agree.

It is well-established that pursuant to Pa. R.A.P. 1513(a) an issue not raised in the petition for review is considered waived and will not be addressed by this Court. *Associated Town "N" Country Builders, Inc. v. Workmen's Compensation Appeal Board (Marabito)*, 95 Pa.Cmwlth.461, 505 A.2d 1358 (1986), *aff'd*, 515 Pa. 564, 531 A.2d 425 (1987). Rule 1513(a) provides in relevant part:

> The petition for review shall contain … a general statement of the objections to the order or other determination…. The statement of objections will be deemed to include every subsidiary question fairly comprised therein.

Pa. R.A.P. 1513(a). In the instant case, Employer's petition for review contains no statement whatsoever which embraces the issue of whether Employer is entitled to a credit for unemployment benefits which Claimant received after his lay off. Therefore, under Rule 1513(a), we hold that Employer waived that issue.

■ Second, Claimant argues that Employer waived the severance pay issue because, in the proceedings before the WCJ, Employer failed to establish the specific amount of credit sought with reasonable certainty. Again, we agree. After a careful review of the record, we found that the following testimony was the **only** evidence offered by Employer before the WCJ regarding the severance package given to Claimant:

[Attorney for Employer]: Were you given a retirement or severance package?

[Claimant]: I got a severance pay, yes.

....

[Attorney for Employer]: I think it is relevant because if he received severance pay based upon, you know, a certain … period of time, as if he were employed, that in effect would be wages.

[Attorney for Claimant]: Well, you can make that argument, but there is no basis for that. He would have received that whether he had been injured or partially disabled or not. Everyone got that.

[Attorney for Employer]: Yes, but you are making a claim that he is entitled to benefits because the job is no longer there.

If that claim is awarded or the reinstatement is awarded, certainly we would be entitled to take advantage of any pay that he got.

[Judge Jacobs]: Well, whether you are able to take advantage or not is, I think, basically my decision. I am going to ask the claimant to answer that because I would like to know the terms of the severance pay.

[Claimant]: It was paid by the number of years, so much a week for the number of years you were there up to a maximum of 30 months or something like that. I don't remember exactly.

....

[Attorney for Claimant]: The severance package, that was available to all employees?

[Claimant]: Every one got it, yes. I don't remember exactly....

....

[Claimant]: It wasn't much, I will tell you, until the taxes went out, I got about $6,000.

(N.T., 3/29/94, at 16–17, 20–21; R.R. at 26a–27a, 30a–31a.) Significantly, this testimony is devoid of any reference to the specific amount and the specific terms of the severance payment. Without such crucial information, the WCJ could not make any findings regarding whether Employer was entitled to a credit for the severance payment. Accordingly, we hold that the Board did not err in affirming the WCJ's decision in which Employer did not receive credit against any severance payment made to Claimant.[4]

Order affirmed.

### ORDER

**NOW,** January 28, 1997, the order of the Workmen's Compensation Appeal·Board in the above-captioned matter is hereby affirmed.

---

[4.] We note that Claimant also argued that Employer waived the severance payment issue on the grounds that Employer failed to argue that issue in its **brief** to the Board. After a review of the record, however, it is clear that Employer did include the issue in its written appeal from the WCJ's decision and, therefore, would have preserved the issue on appeal to this Court had Employer properly proffered evidence of the severance payment before the WCJ. *See Jeanes Hospital v. Workmen's Compensation Appeal Board (Miller)*, 141 Pa.Cmwlth.308, 595 A.2d 725 (1991), *petition for allowance of appeal denied*, 532 Pa. 648, 614 A.2d 1144 (1992).