### PAN BUILDING CORPORATION, Petitioner

v.

### WORKMEN'S COMPENSATION APPEAL BOARD (THOMPSON), Respondent

Commonwealth Court of Pennsylvania.

Submitted on Briefs Dec. 20, 1996.
Decided July 24, 1997.

---

James B. Hudzik, Pittsburgh, for petitioner.

Barbara E. Holmes, Pittsburgh, for respondent.

Before DOYLE and LEADBETTER, JJ., and MIRARCHI, Jr., Senior Judge.

DOYLE, Judge.

Pan Building Corporation (Employer) appeals from a decision of the Workmen's Compensation Appeal Board (Board) which affirmed the decision of the Workers' Compensation Judge (WCJ) granting the rein-

statement petition of Mark Thompson (Claimant).

On May 22, 1991, Claimant sustained an injury to his right eye while working as a construction laborer for Employer. A notice of compensation payable was subsequently filed on June 12, 1991, pursuant to which Claimant received compensation in the amount of $218.00 based on an average weekly wage of $238.18.

Claimant's compensation benefits were suspended by a supplemental agreement dated August 6, 1991, which included language indicating that Claimant had returned to work on August 6, 1991, at no loss of earnings. After temporarily returning to work for a brief period of time, Claimant was "permanently" laid off from Employer on September 12, 1991, and on October 21, 1991, Claimant filed a petition for the reinstatement of workers' compensation benefits.

On May 5, 1992, Claimant found employment with Tomko & Sons Plumbing Company through November 25, 1992, during which time his wages were equal to or in excess of his time-of-injury wages. Claimant was subsequently laid off from this position from November 26, 1992, through February 10, 1993, but worked again for Tomko from February 11, 1993, through May 25, 1993. Claimant was thereafter laid off from May 26, 1993 through July 26, 1993.

From July 27, 1993, through October 15, 1993, Claimant worked for thirty hours a week for the Allegheny County Housing Authority at a rate of $5.25 per hour. Claimant was again laid off from October 16, 1993, through March 23, 1994. Claimant subsequently worked for Goodwill Industries from March 24, 1994, through May 11, 1994, at a rate of $5.00 per hour for forty hours per week. Claimant was subsequently laid off and has not worked since May 11, 1994.

By decision and order dated July 11, 1995, the WCJ granted Claimant's reinstatement petition and ultimately held as follows:

Claimant is entitled to total weekly disability compensation from September 12, 1991 to May 5, 1992 at the rate of $218.00 per week, a suspension of compensation from May 5, 1992 through November 25, 1992, total weekly disability compensation again from November 26, 1992 through February 11, 1993, a suspension of compensation from February 11, 1993 through May 25, 1993, total weekly disability compensation from May 26, 1993, through July 26, 1993, partial weekly disability compensation from July 27, 1993 through October 15, 1993 at the rate of 2/3 times his wage loss, total weekly disability from October 16, 1993 through March 23, 1994, partial weekly disability compensation from March 24, 1994 through May 11, 1994 at 2/3 times his wage loss, and then total weekly disability compensation from May 12, 1994 onward.

(WCJ's Decision at 4.)

Employer subsequently appealed from the WCJ's decision to the Board, which affirmed, and this appeal ensued.

Employer's principal argument on appeal is that the WCJ erred in concluding that Claimant was entitled to workers' compensation benefits for the periods during which he was laid off and/or had a loss of earnings because Claimant failed to establish that his work-related injury was the cause of his disability, i.e., his loss of earnings, and that the WCJ applied the incorrect burden of proof in this regard.

■ A suspension is warranted under the Workers' Compensation Act where a claimant has a residual physical impairment attributable to a work-related injury but is receiving wages equal to or in excess of what the claimant had earned in his pre-injury job. *Diffenderfer v. Workmen's Compensation Appeal Board (Rabestos Manhatten, Inc.)*, 651 A.2d 1178 (Pa.Cmwlth.1994), *petition for allowance of appeal denied*, 540 Pa. 642, 659 A.2d 561 (1995). Although the employer remains liable for the consequences of the work-related injury, there is no longer any "disability," i.e., loss of earning power, attributable to the work-related injury. *Id.*

■ A claimant seeking reinstatement following a suspension of benefits must prove that: (1) through no fault of his or her own, the claimant's disability, i.e., earning power, is again adversely affected by the work-related injury, and (2) the disability which gave rise to the original claim continues. *Pieper*

*v. Ametek–Thermox Instruments Division,* 526 Pa. 25, 584 A.2d 301 (1990). Moreover, as our Supreme Court stated in *Latta v. Workmen's Compensation Appeal Board (Latrobe Die Casting Co.),* 537 Pa. 223, 227, 642 A.2d 1083, 1085 (1994):

> Given the nature of suspension status, which actually acknowledges a continuing medical injury, and suspends benefits only because the claimant's earning power is currently not affected by the injury, the testimony of a claimant alone could easily satisfy his burden of establishing that his work-related injury continues.

Recently, our Supreme Court held, in *Harle v. Workmen's Compensation Appeal Board (Telegraph Press, Inc.),* 540 Pa. 482, 658 A.2d 766 (1995), that an employer is entitled to suspension of a claimant's benefits when the claimant is capable of returning to his or her time-of-injury job with residual disability even if the employer has not shown job availability. In interpreting the Supreme Court's decision in *Harle* and its progeny, this Court has derived the following analytical framework under these circumstances.

■ Where a claimant returns to work under a suspension petition **with restrictions**-that is, does not return to his or her time-of-injury job but rather to a modified position-and is subsequently laid off, and then petitions for the reinstatement of benefits, the claimant is entitled to the presumption that his or her disability, *i.e.,* loss of earning power, is causally related to the continuing work injury. *See Teledyne McKay v. Workmen's Compensation Appeal Board (Osmolinski),* 688 A.2d 259 (Pa.Cmwlth. 1997); *Crowell v. Workmen's Compensation Appeal Board (Johnson Dairy Farm),* 665 A.2d 30 (Pa.Cmwlth.1995). As we stated in *Teledyne McKay:*

> Accordingly, because Claimant returned to work under the suspension **with restrictions,** when he was subsequently laid off, Claimant was entitled to the presumption that his work related disability continued, i.e., that his loss of earning power was attributable to the continuing work injury. Because the Employer failed to rebut this presumption or offer evidence of available work within Claimant's physical restric-

tions, we hold that the Board did not err in affirming the WCJ's order reinstating Claimant's benefits.

*Teledyne McKay,* 688 A.2d at 263 (emphasis in original).

■ Conversely, where a claimant returns to his or her pre-injury job or similar work **without restriction,** and is subsequently laid off, and then petitions for the reinstatement of benefits, the claimant has the burden to affirmatively establish that it is the work-related injury which is causing his or her present loss of earnings. In other words, although the claimant still enjoys the presumption that his or her work-related *medical* injury continues, the claimant is not entitled to the presumption that his or her present loss of earnings is causally related to that work-related injury. *Teledyne McKay; Trumbull v. Workmen's Compensation Appeal Board (Helen Mining Co.),* 683 A.2d 342 (Pa.Cmwlth.1996); *see also Ogden Aviation Services v. Workmen's Compensation Appeal Board (Harper),* 681 A.2d 864 (Pa. Cmwlth.1996).

■ If the claimant meets this additional burden, then the claimant is entitled to a reinstatement of benefits unless the employer provides available work within the claimant's physical restrictions, or establishes before the appropriate tribunals that it is not the work-related injury which is causing the claimant's present loss of earnings. *Teledyne McKay; Trumbull.*

Thus, whether an employer has the burden of proving job availability is, to a great extent, contingent upon whether the claimant was able to return to his pre-injury position or similar work with or without restrictions. Underlying this inquiry is the principle that, if the claimant can perform his pre-injury job or similar work without any impairment resulting from his work-related injury, and his lack of employment has been caused by economic factors alone, then compensation payments are inappropriate. *See Harle.* However, if what is causing the claimant's loss of earnings is his injury, or there is an impairment which prevents the claimant from again performing the work of his pre-injury job, then an employer is still responsible for providing available work or, if not available, respond with compensation benefits.

■ In this case, the WCJ and the Board granted Claimant's reinstatement petition on the basis that Employer failed to meet its burden of proving job availability. However, neither the WCJ nor the Board addressed the critical issue of whether, prior to the final and the intermittent lay-offs, Claimant was performing his pre-injury work with or without restrictions while under the suspension petition; in other words, could he do the work without restraint? Although at Finding of Fact No. 11 the WCJ stated that Claimant at some point performed "s[o]me light duty work without a wage loss," it is not clear from the opinion whether or not Claimant was performing his pre-injury job without restrictions when he was laid off at various times, including the final occasion.[1] Absent this finding, we cannot conduct a meaningful appellate review on the issue of whether Employer had the burden of proving job availability.

Accordingly, the matter is remanded for a determination of whether Claimant was able to return to work and perform his pre-injury job without restrictions at the times he was laid off, and, if so, whether Claimant met his burden in proving that his loss of earnings is the result of his work-related injury.

### ORDER

NOW, July 24, 1997, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is hereby vacated, and the matter is remanded for a determination of whether the claimant was able to perform his pre-injury job without restrictions at the times he was laid off, and, if so, whether Claimant met his burden in proving that his loss of earnings was the result of his work-related injury.

Jurisdiction relinquished.

---

1. We note, however, that there is testimony in the record indicating that Claimant was able to return to work without restriction. On cross examination, Claimant's own witness, Dr. Sigal Michael Sigal testified as follows:

Q: [W]hen you last saw [Claimant] ... in February of '92, you didn't put any restrictions on him going back to work? Is that right?

A: That's correct.

Q: Okay. Would the same be true as of when you saw him the second time, August of '91?

A: Yes. I told him at that point, as far as I was concerned, if it was okay with Dr. Olsen, it was okay with me.

(Notes of Testimony, 7/21/93, at 13–14; Reproduced Record at 99a–100a.)