**SHARON STEEL CORPORATION,**
Petitioner,

v.

**WORKERS' COMPENSATION APPEAL BOARD (DeMARTINIS),**
Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Aug. 8, 1997.
Decided Nov. 6, 1997.

Robert A. Loch, Pittsburgh, for petitioner.

Jean S. Best, New Castle, for respondent.

Before DOYLE and McGINLEY, JJ., and LORD, Senior Judge.

DOYLE, Judge.

Sharon Steel Corporation (Employer) appeals from an order of the Workers' Compensation Appeal Board (Board), which reversed the decision of a Workers' Compensation Judge (WCJ) which had denied Dennis DeMartinis' (Claimant) Petition for Reinstatement of compensation benefits.

Claimant worked for Employer as a tow motor driver,[1] and on July 23, 1987, he sustained a work-related injury to his back and shoulder while changing a propane canister on the tow motor he was operating. Claimant's injury required him to be hospitalized for several days, and he began receiving compensation benefits pursuant to a Notice of Compensation Payable issued on August 5, 1987.

In June of 1988, Claimant returned to work for Employer in a light-duty clerical position under restrictions imposed by his physician, Dr. Stabile. The restrictions included no bending, sitting or standing for longer than fifteen minutes, no lifting more than ten pounds and no walking long distances. In August 1988, Dr. Stabile authorized Claimant to perform medium-duty work.

In January 1989, Dr. Stabile determined that Claimant could return to his time-of-injury job, subject to these restrictions: no frequent twisting, bending, stooping, squatting or climbing. Employer, however, never returned Claimant to his time-of-injury position. Instead, Employer continued to have Claimant perform light-duty clerical work until Claimant was laid off in November 1992.

In October 1993, Claimant filed a Petition for Reinstatement of disability benefits. Employer filed an answer denying the material allegations of Claimant's petition, and after several hearings in this matter, the WCJ denied Claimant's reinstatement petition by a decision circulated on July 10, 1995.[2]

The WCJ concluded that, as a matter of law, Claimant was not entitled to a reinstatement of benefits, because Claimant "was released to his pre-injury position in January 1989." (Decision of WCJ at 3; R.R. at 12a.) The WCJ based his conclusion on the holding of the Supreme Court in *Harle v. Workmen's Compensation Appeal Board (Telegraph Press)*, 540 Pa. 482, 658 A.2d 766 (1995). In that case, the claimant injured his thumb and was released to return to his time-of-injury job. However, the employer ceased to conduct business before claimant was allowed to return to work. The claimant subsequently worked in the same capacity for another employer, but at a reduced wage. The claimant admitted that he had not lost any working days as a result of his thumb injury. The Supreme Court held that the claimant was not entitled to partial disability benefits because "any difference between Harle's pre-injury wages and post-injury earning power was due to factors other than the injury to his thumb." *Harle*, 540 Pa. at 489, 658 A.2d at 769–70.

Claimant filed an appeal with the Board, which reversed the WCJ's decision and reinstated Claimant's compensation benefits as of November 6, 1992. The Board determined that the *Harle* analysis was inapplicable to

---

1. Employer's brief informs us that the primary duty of a tow motor driver was operating a crane which required the employee to sit in a cab and operate the controls of the crane most of the day.

2. Claimant's benefits had been suspended pursuant to a suspension agreement dated April 26, 1989. At the initial hearing on January 11, 1994,

Claimant's counsel had asked that the petition for reinstatement include total disability after Claimant was laid off on November 6, 1992, and partial disability prior to the layoff when Claimant was working for wages less than his time-of-injury wages. (Notes of Testimony (N.T.), 1/11/94, at 5; Reproduced Record (R.R.) at 10a.)

this case, because, unlike the claimant *Harle*, Claimant here was released to his pre-injury job *with physical restrictions* and never actually returned to his time-of-injury job. The Board also took note of the medical evidence presented by both the Claimant and the Employer which supported a finding that Claimant continued to suffer from low back pain and a loss of motion from his work-related injury.

■ On appeal, Employer contends that the Board erred as a matter of law in reversing the WCJ's decision because Claimant had been released to his time-of-injury job, and Claimant's wage loss was a result of a plant shutdown. Hence, in Employer's view, Claimant is not entitled to a reinstatement of benefits.

■ Under the Workers' Compensation Act,[3] a suspension of benefits is usually warranted where a claimant has a residual physical impairment attributable to a work-related injury but is receiving wages equal to, or in excess of, what the claimant had earned in his or her pre-injury position. *Diffenderfer v. Workmen's Compensation Appeal Board (Rabestos Manhatten, Inc.)*, 651 A.2d 1178 (Pa.Cmwlth.1994), *petition for allowance of appeal denied*, 540 Pa. 642, 659 A.2d 561 (1995). While an employer remains liable for the consequences of a work-related injury, there is no longer a "disability," *i.e.*, loss of earning power, attributable to the work-related injury. *Id.* at 1180.

■ A claimant seeking reinstatement of benefits following a **suspension** need only prove: (1) that through no fault of his or her own, the claimant's disability, *i.e.*, earning power, is again affected by the work-related injury, and (2) that the disability which gave rise to the original claim continues. The claimant does not have to reestablish the causal relationship, *i.e.*, job relatedness, of the original injury. *Pieper v. Ametek–Thermox Instruments Division*, 526 Pa. 25, 584 A.2d 301 (1990).

However, this Court recently refined this principle as the result of the Supreme Court's *Harle* decision in *Teledyne McKay v. Workmen's Compensation Appeal Board*

*(Osmolinski)*, 688 A.2d 259 (Pa.Cmwlth. 1997), and *Trumbull v. Workmen's Compensation Appeal Board (Helen Mining Co.)*, 683 A.2d 342 (Pa.Cmwlth.1996). In *Teledyne McKay* we stated:

Where a claimant returns to work under a suspension, **with restrictions**, that is, does not return to his or her time-of-injury job, but rather to a modified position, and is subsequently **laid off** and petitions for the reinstatement of benefits, the claimant is also entitled to the presumption that his or her disability, *i.e.*, loss of earning power, is causally related to the continuing work injury. *See Crowell v. Workmen's Compensation Appeal Board (Johnson Dairy Farm)*, 665 A.2d 30 (Pa.Cmwlth. 1995)(where a claimant returns to a light-duty position following a suspension because he could not perform his pre-injury job without experiencing significant pain, the claimant is subsequently laid off due to lack of available work, and the claimant petitions for reinstatement of benefits, we held that the claimant's disability, *i.e.*, loss of earning power, had been adversely affected by his work injury).

Conversely, where a claimant returns to work under a suspension, **without restriction**, to his or her pre-injury job, is subsequently laid off, and then petitions for reinstatement, the claimant has the burden to affirmatively establish that it is the work-related injury which is **causing** his or her present loss of earnings. That is, while the claimant still enjoys the presumption that some work-related medical injury continues, the claimant is not entitled to the presumption that his or her present *disability*, *i.e.* loss of earnings, is causally related to that work injury. *See Trumbull v. Workmen's Compensation Appeal Board (Helen Mining Co.)*, 683 A.2d 342 (Pa.Cmwlth.1996); *Ogden Aviation Services v. Workmen's Compensation Appeal Board (Harper)*, 681 A.2d 864 (Pa. Cmwlth.1996).

*Id.* at 262 (citations omitted) (footnote omitted) (emphasis in the original).

---

3. Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1–1041.4.

In the present case, Claimant returned to work for Employer under a suspension with restrictions.[4] He was assigned to light-duty work and never returned to his time-of-injury job. Although he suffered a loss of earning power as a result of a subsequent layoff, because he was working in a modified position he is entitled to the presumption that his disability is the result of his work-related injury. *Teledyne McKay.*

Because Employer failed to rebut this presumption or provide evidence that work was available within Claimant's restrictions, we hold that the Board correctly reversed the WCJ's order and properly reinstated Claimant's benefits.

Order affirmed.

### ORDER

**NOW**, November 6, 1997, the order of the Workers' Compensation Appeal Board in the above-captioned matter is hereby affirmed.

---

**4.** In his July 1, 1994 deposition Dr. Stabile stated that he would place the same work restrictions on Claimant that he "has had since I saw him in 1990." (R.R. at 71a.) The Board found that when Claimant was released to his time-of-injury job, it was "with significant physical restrictions." (R.R. at 126a.)