# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Terance Baxter, : 
                 Petitioner : 
                  : 
        v. : No. 1736 C.D. 2015
                  : Submitted: February 19, 2016
Pennsylvania Board of Probation : 
and Parole, : 
             Respondent : 

BEFORE:   HONORABLE ROBERT SIMPSON, Judge
             HONORABLE MICHAEL H. WOJCIK, Judge
             HONORABLE DAN PELLEGRINI, Senior Judge

OPINION NOT REPORTED

**MEMORANDUM OPINION**
**BY JUDGE SIMPSON**         **FILED: May 16, 2016**

Terance Baxter (Inmate) petitions for review of an order of the Pennsylvania Board of Probation and Parole (Board) denying his administrative appeal of a Board order that recommitted him as a parole violator and recalculated his maximum sentence date. Inmate contends the Board incorrectly dismissed the portion of his administrative appeal in which he objected to the timeliness of his revocation hearing. He further asserts the Board erred in failing to give him credit for time served, and he questions the Board's authority to correct a clerical error in his maximum sentence date. Upon review, we affirm.

## I. Background

In December 1997, the Board paroled Inmate from a five to 20 year state sentence for burglary. At the time of this parole Inmate's maximum sentence date was May 18, 2011. Thereafter, the Board declared Inmate delinquent. Following arrest, Inmate was recommitted as a technical parole violator, and the

Board recalculated his maximum sentence date as February 26, 2012. Certified Record (C.R.) at 23, 27-28.

The Board reparoled Inmate in April 2000. While on this second parole, Inmate was arrested and convicted of new crimes. He was then recommitted as a convicted parole violator and ordered to serve 12 months backtime. The Board recalculated Inmate's maximum sentence date as March 1, 2014. C.R. at 35-36, 38.

Thereafter, the Board paroled Inmate for a third time in October 2003. In June 2006, however, Inmate was arrested on significant federal drug charges, and he was detained on the new federal criminal charges, without bail. Moreover, based on circumstances surrounding his new arrest, the Board issued a warrant to commit and detain Inmate for technical violations of his third parole. C.R. at 46-49.

Ultimately, Inmate pled guilty and was sentenced on the federal charges to a term of five to 20 years in federal prison. C.R. at 66, 120-21. This conviction also subjected Inmate to sanctions as a convicted violator of his third parole. The disposition of the parole violations of Inmate's third parole are at the center of this appeal.

As to the parole violation charges, a revocation/recommitment hearing was held on June 14, 2007. The hearing took place at the Allegheny County prison, and Inmate was present and represented by counsel. C.R. at 97-118.

2

Counsel did not object to the timeliness of the hearing. By decision entered July 10, 2007, and mailed July 16, 2007, the Board recommitted Inmate as a technical and convicted parole violator "when available." C.R. at 120-21. The Board's recommitment decision did not set forth a recalculated maximum sentence date because Inmate was considered unavailable. See id. The hearing and Board recommitment decision are challenged by Inmate.

After completion of his federal sentence, Inmate was returned to a Pennsylvania State Correctional Institution (SCI) in March 2015. C.R. at 125. After Inmate's return, the Board recalculated Inmate's maximum sentence date for his state convictions from March 1, 2014 to July 6, 2025, based on the recommitment order. C.R. at 129-30. This recalculation decision was mailed May 8, 2015. It is also challenged by Inmate.

On May 18, 2015 Inmate filed an administrative appeal. He challenged the sufficiency of the evidence supporting revocation/recommitment, he asserted unspecified errors of law, he challenged the timeliness of the revocation hearing, he asserted no revocation hearing was held or, if such a hearing was held, he and his lawyer were not present, and he objected to the calculation of his maximum sentence date. C.R. at 135.

By decision mailed August 3, 2015, the Board reduced Inmate's maximum sentence date for his state convictions from July 6, 2025 to July 3,

2025.[1]  In that same decision, the Board dismissed Inmate's objection to the maximum sentence date of July 6, 2025, as moot based on the Board's reduction in Inmate's maximum sentence (from July 6, 2025 to July 3, 2025), and it dismissed Inmate's objection to the parole revocation as an untimely challenge of the revocation decision mailed July 16, 2007.  C.R. at 169-70.

However, the Board erroneously stated in one place on the decision that Inmate's maximum sentence date was "07/03/2015."  C.R. at 133 (emphasis added).  Ten days later, the Board rescinded its decision mailed August 3, 2015 based on the erroneous notation of Inmate's maximum sentence date of "07/03/2015," and it relisted the maximum sentence date as "07/03/2025."  C.R. at 134.  The Board stated that its decision mailed August 3, 2015 was "rescind[ed]… due to technician error …."  C.R. at 133, 177.

Inmate filed another administrative appeal objecting to the Board's authority to recalculate his maximum sentence date.  The Board denied this administrative appeal.  C.R. at 171-78.  Inmate now petitions for review.

---

[1] The Board reduced Inmate's maximum sentence date when it increased Inmate's resentence credit applied toward his original sentence from zero days to four days.  This resentence credit was given based on the period that Inmate was confined from June 15, 2006 to June 19, 2006.  C.R. at 131.

4

## II. Issues

On appeal,[2] the issues are whether the Board held a parole revocation hearing attended by Inmate and his counsel, and whether the Board properly dismissed objections to such a hearing as untimely; whether Inmate waived his right to review regarding the amount of credit he received by failing to timely raise this claim; and, whether the Board maintained authority to recalculate Inmate's maximum sentence date based on a clerical error.

## III. Discussion
### A. Timeliness of Revocation Hearing

Inmate first contends the Board incorrectly dismissed his challenges to the revocation hearing as untimely. Inmate argues his revocation hearing was purportedly held on June 14, 2007, but he does not recall this hearing. Inmate asserts that because he was "never at such a hearing, did not receive notice, and had no attorney there," this Court should vacate the Board's order that recommitted him. Am. Br. for Pet'r at 5. Inmate argues that under Lawson v. Pennsylvania Board of Probation and Parole, 977 A.2d 85 (Pa. Cmwlth. 2009), the Board has the burden of proving it held a timely revocation hearing.

The Board counters that Inmate may contest the revocation of his parole by filing an administrative appeal with the Board within 30 days of the mailing date of the Board's order. Here, the Board asserts Inmate's administrative

---

[2] This Court's review is limited to determining whether substantial evidence supports the Board's decision, and whether the Board erred as a matter of law or violated Inmate's constitutional rights. 2 Pa. C.S. §704; McKenzie v. Pa. Bd. of Prob. & Parole, 963 A.2d 616 (Pa. Cmwlth. 2009).

5

appeal cannot be accepted because the Board received it in 2015, more than 30 days after the July 17, 2007 mailing date of the Board's recommitment decision. See Cadogan v. Pa. Bd. of Prob. & Parole, 541 A.2d 832 (Pa. Cmwlth. 1988); Lewis v. Pa. Bd. of Prob. & Parole, 508 A.2d 644 (Pa. Cmwlth. 1986).

Here, after Inmate's revocation/recommitment hearing in June 2007, the Board recommitted Inmate, with the remainder of his sentence to begin "when available." C.R. at 120. Notice of Board's decision was mailed on July 16, 2007. Consequently, Inmate had until August 15, 2007 to file an administrative appeal with the Board challenging his parole revocation. He did not do so. Thus, the Board properly dismissed that portion of Inmate's administrative appeal in which he objected to his revocation hearing as untimely because Inmate's administrative appeal was not timely received.

Nevertheless, even Inmate's timely challenges to the revocation/recommitment hearing lack merit. While Inmate asserts neither he nor his attorney was present at a hearing on June 14, 2007, our review of the transcript for the hearing clearly demonstrates that both Inmate and his lawyer were present. C.R. at 97-118.

As to timeliness of the hearing, pursuant to Section 71.4(1) of the Board's regulations: "A revocation hearing shall be held within 120 days from the date the Board received official verification of the [guilty plea or verdict] …." 37 Pa. Code §71.4(1). For purposes of the regulation, "Official verification" is "[a]ctual receipt by a parolee's supervising parole agent of a direct written

6

communication from a court in which a parolee was convicted of a new criminal charge attesting that the parolee was so convicted." 37 Pa. Code §61.1.

Here, Inmate pled guilty in federal court on the federal charges on January 18, 2007. C.R. at 71, 82. Pursuant to the hearing report for Inmate's revocation hearing, the "Date of Official Verification of Convictions" on Inmate's federal conviction was March 8, 2007. C.R. at 84. Inmate's revocation hearing was held on June 14, 2007, which was within 120 days of when the Board received official verification of inmate's federal conviction. Thus, the revocation hearing was timely. See 37 Pa. Code §71.4(1).

## B. Sentence Credit

Before examining Inmate's next argument regarding sentence credit, we consider the Board's assertion that Inmate failed to properly preserve this issue. Specifically, the Board argues any issue not raised in the petition for review is waived. See, e.g., McKay v. Workmen's Comp. Appeal Bd. (Osmolinski), 688 A.2d 259 (Pa. Cmwlth. 1997). The Board also notes that, pursuant to Pa. R.A.P. 2116(a), "[n]o question [in a brief] will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby." Id. The Board asserts that based on McKay, and Pa. R.A.P. 2116(a), Inmate waived his right to review of the sentence credit issue because he did not present it in his statement of questions involved or in his petition for review to this Court.

Contrary to the Board's assertions regarding waiver, paragraph 8 of Inmate's petition for review, states: "[a]lso incorporated by reference are any other issues argued by [Inmate] in his administrative appeal." Our review of Inmate's

7

administrative appeal, which included an attached memorandum of law, reveals he raised the credit issue. C.R. at 136 (Issues "B" and "C" of Inmate's statement of issues contained within memorandum submitted with administrative appeal). Thus, Inmate did, in fact, raise the credit issue. As such, we will address Inmate's argument that the Board erred in failing to give him credit for the time served while he was in federal prison.

Inmate contends the Board erred in failing to give him credit for time served while he was in federal prison. Specifically, Inmate asserts his state time served should be credited concurrently with his federal sentence. Inmate argues Section 9761(b) of the Sentencing Code, 42 Pa. C.S. §9761(b), provides that Pennsylvania courts can count time spent under the authority of another jurisdiction against Pennsylvania time.[3]

---

[3] Section 9761(b) of the Sentencing Code, 42 Pa. C.S. §9761(b) states:

> **(b) Sentences imposed by other sovereigns.--**If the defendant is at the time of sentencing subject to imprisonment under the authority of any other sovereign, the court may indicate that imprisonment under such other authority shall satisfy or be credited against both the minimum and maximum time imposed under the court's sentence. If the defendant is released by such other authority before the expiration of the minimum time imposed by the court, he shall be returned to a correctional institution of the Commonwealth to serve the time which remains of the sentence. If the defendant is released after the minimum time has elapsed, he shall be considered for parole on the same basis as a prisoner who has served his minimum time in a correctional institution of the Commonwealth. If the defendant is released after the maximum time imposed under the sentence of imprisonment he shall be deemed to have served his sentence.

42 Pa. C.S. §9761(b).

Inmate asserts this Court's holding in <u>Santiago v. Pennsylvania Board of Probation and Parole</u>, 937 A.2d 610 (Pa. Cmwlth. 2007) controls. In <u>Santiago</u>, an inmate sought review of a Board order that denied the inmate's request for credit on his Pennsylvania sentence for time spent in custody in a Pennsylvania SCI on a Maryland sentence, which was ordered to be served concurrently with the inmate's outstanding or unserved sentences. This Court held the Board lacked authority to convert the inmate's concurrent time to consecutive time to be served first before his Pennsylvania sentence. Inmate argues the reasoning of <u>Santiago</u> applies here, and the Board should give him credit for time served.

The Board counters that this Court's holding in <u>Santiago</u> does not apply. The Board notes that in <u>Santiago</u>, the offender was detained in a Pennsylvania SCI and recommitted as a parole violator prior to being transferred to the State of Maryland to resolve his new criminal charges. Santiago remained in a Pennsylvania SCI for approximately three years before his transfer to Maryland. Thereafter, a court in Maryland convicted Santiago of the new charges and sentenced him to a new term of imprisonment to run concurrently with any other sentence.

Upon Santiago's return to Pennsylvania, the Board recommitted him as a convicted parole violator and recalculated his maximum sentence date without giving him credit for time served on his Maryland sentence, including time spent in an SCI. Ultimately, this Court held Santiago was entitled to credit for all of the time he was incarcerated in Pennsylvania because the Board lacked authority to change the Maryland sentence from concurrent to consecutive.

9

Our decision in Santiago does not apply here. This is in part because a federal court lacks power to direct that a federal sentence served in a federal prison run concurrently with a state sentence. Griffin v. Pa. Dep't of Corr., 862 A.2d 152 (Pa. Cmwlth. 2004), aff'd per curiam, 915 A.2d 639 (Pa. 2007).

Not surprisingly, in this case there is no indication that the federal court ordered Inmate's new federal sentence to be served concurrently with his Pennsylvania state sentence. This material distinction renders Santiago inapposite. Further, Inmate here was not incarcerated on both his federal and state sentences simultaneously. Rather, Inmate was held in federal custody while serving his federal sentence, and he was not returned to an SCI until after he completed his federal sentence. In contrast, in Santiago, the inmate was held in an SCI for several years on both the Maryland sentence and the Board's detainer. As such, unlike in Santiago, here there is no basis on which to grant Inmate additional credit on his sentence.

### C. Clerical Error

In his final argument, Inmate asserts that the Board overstepped its authority in revising his maximum sentence date after it made a technical error on his May 8, 2015 "greensheet." Inmate argues that "the Board should not be able to change his maximum [sentence] date in this way." Am. Br. for Pet'r at 6-7.

The Board responds that, when Inmate was recommitted as a convicted parole violator in 2007, the former Parole Act[4] governed sentence

---

[4] Act of August 6, 1941, P.L. 861, as amended, formerly 61 P.S. §§331.1–331.34a (repealed by the Act of August 11, 2009, P.L. 147).

recalculations. In particular, Section 21.1 of the Parole Act, 61 P.S. §331.21a(a), stated in pertinent part:

> Any parolee under the jurisdiction of the [Board] released from any penal institution of the Commonwealth who, during the period of parole or while delinquent on parole, commits any crime punishable by imprisonment, for which … he pleads guilty … in a court of record, may, at the discretion of the [B]oard, be recommitted as a parole violator. If his recommitment is so ordered, he shall be reentered to serve the remainder of the term which said parolee would have been compelled to serve had he not been paroled, and he shall be given no credit for the time at liberty while on parole. …

Id. (emphasis added).

The Board asserts the Parole Act did not limit the Board's authority to correct an erroneous calculation or typographical error. To the contrary, the Board argues, the Parole Act granted the Board statutory authority to recalculate a parolee's maximum sentence date as necessary to reflect the denial of credit for time at liberty on parole, without mention of any limitations.

The Board contends it may correct clerical errors in its actions. Lord v. Pa. Bd. of Prob. & Parole, 580 A.2d 463 (Pa. Cmwlth. 1990) (Board properly rescinded a previously executed parole that resulted from a clerical error, where due process was afforded the inmate); Murgerson v. Pa. Bd. of Prob. & Parole, 579 A.2d 1335 (Pa. Cmwlth. 1990) (calculation of total backtime was clerical error and would not be interpreted as allowing prisoner to serve time for two parole violations concurrently, rather than consecutively).

11

Here, Inmate filed an administrative appeal and objected to his recalculated maximum sentence date of July 6, 2025. As a result, the Board issued a revised recommitment order, and it reduced Inmate's maximum sentence date from July 6, 2025 to "07/03/2025." C.R. at 131-32. That revised order to recommit also clearly enunciated Inmate's maximum sentence date, in bold, and in two separate locations on the parole violation date calculation.[5]

The Board subsequently followed up the revised order to commit with a Notice of Board decision dated August 3, 2015. In that decision, the Board stated it was "changing the parole violation maximum date to read: 07/03/2015." C.R. at 133.

This Court recognizes the August 3, 2015 Notice of Board decision stated that Inmate's "parole violation maximum date" was changed "to read: 07/03/15." However, 10 days later, the Board issued a *revised* notice of Board decision in which it clearly stated that it "[r]escind[ed] Board action of 07/29/2015, due to technician error; and now: chang[ed] the parole violation maximum date to read: 07/03/25," and "[t]he rest of the Board action remains the same." C.R. at 134 (emphasis added). Further, in no fewer than four places collectively on the April 30, 2015 and July 29, 2015 orders to recommit does it identify, in bold, that Inmate's maximum sentence date is "**07/03/2025**." C.R. 127, 131 (emphasis in original). Upon review, we agree with the Board that it had authority to correct its technical error in this instance. Lord; Murgerson.

---

[5] Inmate's "**Maximum** [sentence] **Date**" on the July 29, 2015 revised order to recommit was "**07/03/25**". C.R. at 131 (emphasis in original).

12

Based on the foregoing, we affirm.

                              _____
                              ROBERT SIMPSON, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Terance Baxter,                          :
               Petitioner      :
                                      :
               v.                   :      No. 1736 C.D. 2015
                                      :
Pennsylvania Board of Probation          :
and Parole,                              :
               Respondent      :

# **O R D E R**

**AND NOW**, this 16th day of May, 2016, the order of the Pennsylvania Board of Probation and Parole is **AFFIRMED**.

---
ROBERT SIMPSON, Judge