**Charles STEVENS, Petitioner,**

v.

**WORKERS' COMPENSATION APPEAL BOARD (CONSOLIDATION COAL COMPANY), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs July 24, 1998.

Decided Nov. 23, 1998.

Lawerence R. Chaban, Washington, for petitioner.

Michael W. Zimecki, Pittsburgh, for respondent.

Before BERNARD L. McGINLEY, J., DAN PELLEGRINI, J., and CHARLES A. LORD, Senior Judge.

LORD, Senior Judge.

Charles Stevens (Claimant) appeals a Workers' Compensation Appeal Board (Board) order which reversed a Workers' Compensation Judge's (WCJ) decision granting his reinstatement petition pursuant to the Pennsylvania Workers' Compensation Act

(Act), Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §§ 1–1041.4.

The WCJ found the following facts. On April 15, 1980, Claimant, while working for Consolidation Coal Company (Employer) sustained an injury to his low back. Claimant began receiving compensation at the total disability rate of $242.00 per week, with an average weekly wage stated as $511.69. Claimant attempted to return to work in the coal industry, but was unable to perform that type of work. In 1991, Claimant returned to school and received an Associates' Degree in Corrections Administration from the Community College of Allegheny County. Subsequently, Claimant obtained employment with Interstate Investigations, a private investigation firm, where he worked for approximately three years. In April of 1994, Claimant began working with a different investigation firm, Becker and Company. Claimant's earnings with that employer exceeded his pre-injury average weekly wage as of June 1994, which led to the execution of a supplemental agreement dated July 14, 1994, suspending benefits as of June 19, 1994. In October of 1994, Claimant was terminated from his employment with Becker and Company. Claimant's testimony that he attempted to perform the job to the best of his ability was accepted as credible by the WCJ. Also accepted as credible by the WCJ was the testimony of Joseph Becker, President of Becker and Company, who stated that Claimant tried to do his best, but was not able to meet the standards of Becker and Company.[1] On March 20, 1995, Claimant filed a petition of reinstatement of total disability benefits as of October 6, 1994, his last day of employment with Becker and Company.

By a Decision and Order dated May 14, 1996, the WCJ granted the reinstatement petition. On Employer's appeal, the Board affirmed the WCJ's Decision. On December 29, 1997, Employer filed a petition for rehearing before the Board. Employer's petition for rehearing was granted and the Board reversed the WCJ's Decision, finding that the WCJ had applied the incorrect burden of proof. Claimant now appeals to this Court.

■ Our scope of review is limited to determining whether constitutional rights were violated, errors of law were committed or necessary findings of fact were unsupported by substantial evidence. *Crenshaw v. Workmen's Compensation Appeal Board (Hussey Copper),* 165 Pa.Cmwlth.696, 645 A.2d 957 (Pa.Cmwlth.1994). There is no doubt that the WCJ is the sole judge of questions of credibility and may accept or reject the testimony of any witness in whole or in part. *Id.* We cannot disturb findings of the WCJ, even if there is evidence to the contrary, if those findings are supported by substantial evidence. *Id.*

The issue presented in this case is whether Claimant satisfied his burden of proof in seeking the reinstatement of his total disability benefits. In *Pieper v. Ametek–Thermox Instruments Division,* 526 Pa. 25, 584 A.2d 301 (1990), the Supreme Court indicated that a claimant seeking to reinstate suspended benefits must prove that (1) through no fault of his own his earning power is again adversely affected by his disability and (2) the disability which gave rise to the original claim continues. *See also Hertz–Penske Truck Leasing Company v. Workmen's Compensation Appeal Board (Bowers),* 546 Pa. 257, 684 A.2d 547 (1996). In application of this standard, this Court has recently held in *Eljer Industries v. Workmen's Compensation Appeal Board (Evans),* 707 A.2d 564

---

1. The WCJ in finding of fact 13 specifically stated:

    "Based upon the testimony of record, it is found as a fact that from October 6, 1994, through and including March 27, 1995, claimant was not working through no fault of his own, while continuing to suffer residuals of his work injury that restricted him to alternative employment. In making this finding, the testimony of the claimant as well as the testimony of Mr. Becker has been considered. The claimant's testimony that he attempted to perform the job to the best of his ability is accepted as credible. Further, Mr. Becker's testimony that the claimant did try to do his best, but that it was just not up to the standards expected by Mr. Becker is accepted as credible. The testimony as a whole leads to a finding and conclusion that the claimant did perform his work with Becker and Company to the best of his ability, but through no fault of his own was unable to meet the standards expected of him, leading to his termination from employment on October 6, 1994."

(Pa.Cmwlth.1998), that a claimant whose benefits have been suspended may receive a reinstatement of benefits if he is not capable of performing the post-injury job that resulted in suspension. In *Eljer*, the claimant filed a reinstatement petition, requesting an increase in the partial disability rate he had been receiving as a result of his transfer from his pre-injury job as a placer to a lower paying post-injury job as a sprayer and his subsequent transfer from the sprayer position, due to his inability to perform that job, to the even lower paying position of ware hustler. This Court, deciding to increase claimant's partial disability benefits, wrote:

> "While his inability to work as a sprayer is not due to his injury, Claimant was, in essence, unqualified for the sprayer position because he could not develop the requisite occupational skills necessary to perform the work. Because his work injury continues, however, he is still unable to physically perform his pre-injury job of placer, he is entitled to a presumption that his disability is still causally related to his work injury and but for the availability of the ware hustler job, could be entitled to reinstatement of total disability benefits. *See McKay v. Workmen's Compensation Appeal Board (Osmolinski),* 688 A.2d 259 (Pa.Cmwlth.1997). Here, *as a result of his physical disability from his pre-injury job and the ill-fated decision to attempt a job for which he lacked the necessary skills,* Claimant was transferred to light duty position as a ware hustler which pays less than his pre-injury position. Therefore, *Claimant is entitled to receive partial disability benefits* of sixty-six and two-thirds percent of the difference between his initial average weekly wage and his present earning power."

*Id.,* 707 A.2d at 567–568 (emphasis added).

█ As previously mentioned, the WCJ found that Claimant had physical restrictions rendering him unable to perform his pre-injury job. The WCJ also found that, although Employer agreed Claimant performed to the best of his abilities, Claimant was not capable of performing the job of private investigator with Becker and Company. Thus, Claimant met his burden to show

that his earning power was adversely affected, through no fault of his own, by his continuing disability. The Board, in its reversal of the WCJ's decision granting a reinstatement of benefits, failed to take into account the *Pieper* standard as articulated in *Eljer. See also Francisco v. Workers' Compensation Appeal Board,* 707 A.2d 584 (Pa.Cmwlth. 1998) (claimant who returns to work under suspension with medical restrictions entitled to presumption that disability is related to work injury in proving *Pieper–Ametek* elements, but claimant returning to work without restrictions to pre-injury job must affirmatively establish injury is causing loss of earnings). As a result, the Board incorrectly reversed the WCJ's order granting a reinstatement of total disability benefits even though Claimant was not capable of performing his post-injury job.

Accordingly, the order of the Board is reversed.

### ORDER

AND NOW, this 23 rd day of November, 1998, the order of the Workers' Compensation Appeal Board, No. A96–2186, dated March 11, 1998, is hereby reversed.

Judge PELLEGRINI dissents.

