**LTV STEEL COMPANY, Petitioner,**

v.

**WORKERS' COMPENSATION
APPEAL BOARD (BLEIGH),
Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs July 7, 2000.

Decided Aug. 30, 2000.

---

Michael A. Cohen, Pittsburgh, for petitioner.

Pamela M. Schiller and Barbara E. Holmes, Pittsburgh, for respondent.

Before SMITH, Judge, KELLEY, Judge and RODGERS, Senior Judge.

RODGERS, Senior Judge.

LTV Steel Company, Inc. (Employer) petitions for review of an order of the Workers' Compensation Appeal Board (Board) that affirmed the order of a workers' compensation judge (WCJ) granting Frederick Bleigh's (Claimant) claim petition for binaural hearing loss benefits. We affirm.

On May 12, 1995, Claimant filed a claim petition alleging that he sustained a binaural hearing loss caused by exposure to noise during the course of his employment.[1] Employer filed an answer denying the allegations and the case was assigned to a WCJ.

Claimant testified on his own behalf, indicating that he began working for J & L Steel at its Aliquippa plant in 1956 and has continued to work at the same facility, which is presently known as LTV Steel Company. Claimant identified the posi-

---

1. Claimant filed his petition after the enactment of the hearing loss amendments to the Workers' Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1–1041.4; 2501–2626. Thus, the hearing loss amendments contained in Section 306(c)(8) of the Act, 77 P.S. § 513(8), added by the Act of February 23, 1995, P.L. 1 (Act 1), are applicable.

tions that he held over the years and described the types of noise exposure he experienced during his forty years of employment. Claimant also testified about his limited military and hunting experience, which he claimed did not affect his hearing. He also denied that he suffered any injury or disease or had a family history that would cause a hearing loss.

In further support of his claim petition, Claimant presented the deposition testimony of Stephen Froman, M.D., a board-certified otolaryngologist, who examined Claimant on February 7, 1995. Dr. Froman testified that Claimant's exposure to cumulative loud noise at work caused Claimant's 15% binaural hearing loss as measured under the American Medical Association's Guide to the Evaluation of Permanent Impairment (AMA Guides). Dr. Froman noted that a 1956 screening audiogram revealed an abnormality of the left ear, but that Claimant's hearing impairment at that time measured 0%, thus, eliminating Claimant military experience as a cause of Claimant's loss. The doctor also stated that Claimant's recreational hunting was not a substantial factor; nor was Claimant's age a factor because Claimant began noticing problems with his hearing twenty years earlier when he was thirty-seven years old.

In defending against the claim petition, Employer presented the deposition testimony of Mark Katz, Esquire, senior attorney for Employer. Mr. Katz testified about the corporate structure, history and organization of Employer. Janice Paul, R.N., also testified for Employer and discussed Employer's audiogram testing program and Claimant's results on audiograms administered in 1956, 1974 and 1984. Employer also presented the deposition testimony of Sidney Busis, M.D., a board-certified otolaryngologist, who evaluated Claimant on February 23, 1996. Dr. Busis found Claimant to have sustained a binaural hearing loss of 18.8% pursuant to the AMA Guides. However, Dr. Busis attributed 6.7% of the hearing loss to age

and 11.7% to other causes. Additionally, Dr. Busis testified that after 1986, the year Claimant acknowledged that he began using hearing protection, Claimant's hearing loss after that date was not due to occupational noise exposure.

The WCJ found Claimant and his medical expert credible. The WCJ also found Mr. Katz's testimony credible and formulated the following findings of fact in regard to that testimony:

(c) Based on the credible testimony of Mr. Katz, I find that LTV Corporation assumed all assets and liabilities of J & L Steel when it acquired J & L Steel in 1974. Furthermore, the testimony of Mr. Katz, specifically his testimony regarding LTV Corporation's decision making process, its assumption of fiduciary duties regarding the claimant's benefits, its administration of the claimant's pension plan and its issuance of paychecks to the claimant from its assets, supports a finding that J & L Steel and LTV Corporation are one entity for purposes of Act 1, despite the characterization of J & L Steel as a wholly owned subsidiary of LTV Corporation.

(d) LTV Corporation did not discharge its liabilities under the Pennsylvania Workers' Compensation Act by merging its two wholly owned steel subsidiaries, J & L Steel and Republic Steel, to create LTV Steel Company. LTV Corporation operated all of its steel subsidiaries as a unified company. (Depo. of Mark Katz, Esquire, p. 25). Accordingly, when LTV Steel Company became the sole remaining steel subsidiary of LTV Corporation through the merger of J & L Steel and Republic Steel Company, LTV Steel Company, in addition to its parent company LTV Corporation, became the claimant's employer for purposes of Act 1.

(e) The claimant has been employed by one "employer" for purposes of Act 1 during his 40 year employment history.

(WCJ's decision, pp. 5–6). Thus, the WCJ concluded that Claimant met his burden of

proving that he had sustained a binaural hearing loss of 15% as a result of exposure to hazardous occupational noise at work. The WCJ also concluded that Employer had failed to prove that Claimant was employed by a separate employer. Accordingly, the WCJ granted Claimant's petition. On appeal the Board affirmed.

Employer now appeals to this Court,[2] and raises the following issues for our review: (1) whether age-related hearing loss should be considered when determining the amount of binaural hearing impairment caused by exposure to occupational noise, (2) whether merger, acquisition or other changes to the corporate entity should constitute the creation of a new employer for purposes of determining that amount of hearing loss attributed to that employer, and (3) whether the date of injury should be based on when a claimant's use of hearing protection prevented injurious noise exposure.

Employer first argues that Act 1 does not absolutely preclude evidence of age-related causation of hearing loss, which Employer describes as a non-occupational cause of hearing loss as set forth in Section 306(c)(8)(vi) of the Act, 77 P.S. § 513(8)(vi), which states:

> (vi) An employer shall be liable only for the hearing impairment caused by such employer. If previous occupational hearing impairment or hearing impairment from nonoccupational causes is established at or prior to the time of employment, the employer shall not be liable for the hearing impairment so established whether or not compensation has previously been paid or awarded.

Employer relies on *Cooper Power Systems v. Workers' Compensation Appeal Board (McFarland)*, 722 A.2d 746 (Pa.

Cmwlth.1998), and *Washington Steel Corporation v. Workers' Compensation Appeal Board (Waugh)*, 734 A.2d 81 (Pa. Cmwlth.1999), and argues that these two cases recognize that a claimant has the burden of providing credible medical evidence on the issue of causation and on the amount of hearing impairment caused by exposure to occupational noise and that the WCJ may accept testimony regarding age-related hearing loss. Employer further contends that *LTV Steel Company, Inc. v. Workers' Compensation Appeal Board (Mozena)*, 727 A.2d 160 (Pa.Cmwlth.1999), *petition for allowance of appeal granted*, 560 Pa. 713, 743 A.2d 924 (1999), and *USX Corp. v. Workers' Compensation Appeal Board (Rich)*, 727 A.2d 165 (Pa.Cmwlth. 1999), *petition for allowance of appeal granted*, 560 Pa. 715, 743 A.2d 925 (1999), stand for the proposition that employers are precluded from offering evidence of age-related causation of hearing impairment and that these cases are inconsistent with *McFarland* and *Waugh*.

■ Since Employer filed its brief, the Supreme Court consolidated *Mozena* and *Rich*[3] and rendered a single opinion that controls the outcome of this issue. The Supreme Court states:

> Because there is no way to distinguish, scientifically or mathematically, the amount of hearing loss caused by acoustic trauma from that caused by the aging process, and Act 1 provides for no standard to measure presbycusis, we find that Act 1 of 1995 does not permit a deduction from a claimant's total binaural hearing impairment for that portion of the impairment caused by presbycusis. Therefore, you can not deduct that portion of the impairment caused by pres-

**2.** Our scope of review in a workers' compensation appeal is limited to determining whether an error of law was committed, constitutional rights were violated, or whether necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704.

*General Electric Co. v. Workers' Compensation Appeal Board (Rizzo)*, 737 A.2d 852 (Pa. Cmwlth.1999).

**3.** *LTV Steel Co., Inc. v. Workers' Compensation Appeal Board (Mozena)*, 562 Pa. 205, 754 A.2d 666 (2000).

bycusis from the total binaural hearing impairment.

*Id.* at 677 (footnote omitted). Thus, according to *Mozena* the WCJ here did not err by failing to deduct for an age-related hearing loss.

■ Employer next argues that the WCJ incorrectly concluded that as of 1974 no new employer existed. Employer further argues that pursuant to Section 306(c)(8)(vi) of the Act, it should not be liable for any impairment caused by the former employer. This issue was also raised and fully discussed by the Supreme Court in *Mozena*. In fact, LTV Steel Company, Inc. was the employer in *Mozena* and is the same entity that raises this issue here. Additionally, Mr. Katz was the witness, whose testimony was reviewed in *Mozena*, and again is the witness here.

The Supreme Court reiterated Mr. Katz's testimony including his testimony on cross-examination that "as the successor-in-interest of J & L, LTV assumed all of J & L's assets, as well as all of its liabilities, including its workers' compensation claims existing at the time of the 1974 merger. LTV became responsible for paying all claims that arose before 1974." *Id.* at 677. The Supreme Court then explained that:

> It is well established law in the Commonwealth that that [sic] when corporations merge the surviving corporation succeeds to both the rights and liabilities of the constituent corporation.... If we allowed a surviving company to deny responsibility for hearing loss caused by its predecessor, we would be sanctioning corporate restructuring as a means of escaping liability. We agree with the Commonwealth Court that such a result would not advance the humanitarian objectives of the Act.

*Id.* at 677 (citations omitted).

Accordingly, the Supreme Court resolved this issue by stating as follows:

We also find that LTV is liable for the full hearing loss suffered by Mozena. The mergers, acquisitions, or other changes in corporate structure occurring from 1974 to 1984 did not constitute the creation of a new employer for determining the amount of hearing loss caused by any one employer. We have looked at the totality of the circumstances concerning the acquisition of the corporation, and the conditions that make certain that the new owner is a successor-in-interest and not a new employer, and we find, therefore, there was substantial evidence to conclude that LTV was the sole employer of Mozena.

*Id.* at 677–78.

Employer attempts to distinguish *Mozena* from the case before us by relying on the fact that although Mr. Katz admitted that LTV agreed to assume liability for all J & L workers' compensation claims existing at the time of the merger, the present claim was not existing at the time and, therefore, Mr. Katz's testimony should not be considered an admission that Employer here had accepted responsibility for a new claim caused in part by Employer's predecessor. This argument attempts to make a distinction without a difference. The Supreme Court cited Section 306(c)(8)(vi) of the Act, recognizing that an employer may establish hearing impairment caused by a previous employer at a time prior to the time of employment. However, this provision of the Act does not apply unless it has been established that there was a prior employer that contributed to the claimant's hearing loss. Here, it has been established that Claimant worked for one employer. Therefore, all hearing loss is attributable to Employer including the loss that occurred prior to 1974 and certainly the loss from that date forward.

■ Employer's third argument concerns whether Claimant's use of hearing protection beginning in 1986 should alter the date of injury.[4] Initially, Employer

4. Although not stated by Employer, this argu-    ment attempts to establish a date of injury

requests a remand to establish a date of injury, because the WCJ did not specifically designate a date of injury and the Board utilized the date when Claimant filed his claim petition. We note, however, that in Finding of Fact No. 1, the WCJ states that in Claimant's petition, filed on May 12, 1995, Claimant alleges an injury date of May 5, 1995 and provided notice to Employer on May 8, 1995. This statement by the WCJ acknowledges Claimant's averment of an injury date. Moreover, we conclude that the Board correctly relied on Section 306(c)(8)(ix) of the Act, 77 P.S. § 513(8)(ix),[5] since Claimant continues to be employed by Employer.

■ Under these circumstances, the determination of an injury date based on the filing of the claim petition stands unless the employer proves that at a certain point the claimant was no longer exposed to hazardous occupational noise. *See* Section 306(c)(8)(x) of the Act.[6] Recognizing this, Employer contends that the use of hearing protection effectively eliminated Claimant's exposure to hazardous occupational noise, relying on *Toth v. Workers' Compensation Appeal Board (USX Corp.)*, 737 A.2d 838 (Pa.Cmwlth.1999) (industrial hygienist's credible testimony supported a finding that the claimant was not exposed to hazardous occupational noise).

In response, Claimant argues that the record contains no support for a finding that he was no longer exposed to the requisite amount of noise after he began using hearing protection. Claimant also relies on the Act itself, specifically, Section 105.4 of the Act, 77 P.S. § 25.4, which defines hazardous occupational noise as "noise levels exceeding permissible noise exposures as defined in Table G–16 of OSHA Occupational Noise Exposure Standards, 29 CFR 1910.95 (relating to occupational noise exposure) (July 1, 1994)." Additionally, 29 CFR 1910.95(c) provides that for hearing conservation programs "employee noise exposure shall be computed...without regard to any attenuation provided by the use of personal protective equipment."

Claimant also relies on *Meadville Forging Co. v. Workers' Compensation Appeal Board (Artman)*, 747 A.2d 958 (Pa. Cmwlth.2000), a case that holds that based on the correlation between the Act and its references to OSHA standards and regulations, the question whether an employee is exposed to long-term hazardous noise is to be measured without the use of hearing protection devices. Claimant has correctly stated this Court's holding in *Artman* and based on that holding Employer's last argument must fail.

For the reasons stated above, we affirm the Board's decision in this matter.

## ORDER

NOW, August 30, 2000, the order of the Workers' Compensation Appeal Board, at No. A97–2235, dated December 15, 1999, is affirmed.

---

that would result in a conclusion that Claimant's claim petition is untimely under Section 306(c)(8)(viii) of the Act, 77 P.S. § 513(8)(viii) (three year statute of limitations following last exposure to hazardous occupational noise).

5. Subsection (ix) states:

(ix) The date of injury for occupational hearing loss under subclause (i) of this clause shall be the earlier of the date on which the claim is filed or the last date of long-term exposure to hazardous occupational noise while in the employ of the employer against whom the claim is filed.

6. Subsection (x) states:

(x) Whether the employe has been exposed to hazardous occupational noise or has long-term exposure to such noise shall be affirmative defenses to a claim for occupational hearing loss and not a part of the claimant's burden of proof in a claim.

77 P.S. § 513(8)(x).